CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 3 0 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO LEE MOORE,<br>Plaintiff, | ) Civil Action No. 7:16-cv-00575<br>)<br>) |
| v. | ) MEMORANDUM OPINION<br>) |
| M. YOUNCE, et al.,<br>Defendants. | ) By: Hon. Michael F. Urbanski<br>) Chief United States District Judge |

Antonio Lee Moore, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff names numerous staff of the Red Onion State Prison ("ROSP") as defendants. Plaintiff argues that Defendants violated the Eighth Amendment by not giving him a mattress for two nights. Defendants filed motions for summary judgment, and Plaintiff responded, making the matter ripe for disposition. After reviewing the record, the court grants Defendants' motion for summary judgment because Plaintiff failed to exhaust available administrative remedies and fails to establish a violation of the Eighth Amendment.

I.

Plaintiff filed two informal complaints in early November 2016. On November 3, Plaintiff submitted the first informal complaint, #ROSP-16-INF-02243. Plaintiff explained that he was placed into a segregation cell without a mattress on October 26, asked several staff for a mattress, and did not receive a mattress until forty-eight hours later on October 28. On November 7, Plaintiff submitted a second informal complaint, #ROSP-16-INF-02138, repeating the allegations from the first. Plaintiff also noted in the second informal complaint that he had been able to sleep on a "cold metal-concrete slab." The informal complaint form told Plaintiff timelines for a response. "If no response is received within [fifteen] calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt

to resolve your complaint." Grievance Department staff should issue the receipt within two working days of receiving the informal complaint.

Instead of waiting for a response to the informal complaints, Plaintiff filed his first regular grievance on November 10. Plaintiff did not attach an informal complaint response or receipt because he filed the regular grievance too soon after filing the informal complaints.

On November 15, defendant Lt. Sykes responded to informal complaint #ROSP-16-INF-02138. Lt. Sykes noted that he had spoken to the staff named in the informal complaint and determined that Plaintiff already had received a mattress. This response would be routed from Lt. Sykes to Plaintiff via the Grievance Department and institutional mail service.

On November 16, 2016, Plaintiff received a receipt for and the answer to the first informal complaint, #ROSP-16-INF-02243. Grievance staff replied, "This is a repeat complaint. Please be patient and wait for a reply to ROSP-16-INF-02138 due back 11/22/2016 concerning this issue."

Also on November 16, the Grievance Coordinator rejected the first regular grievance at intake because no answered informal complaint had been attached. Plaintiff chose to appeal the decision instead of waiting until November 22 for either the arrival of staff's response to the informal complaint or for staff's response time to expire. A regional ombudsman upheld the intake decision on November 28, noting that Plaintiff had "filed [the] grievance BEFORE informal [complaint] was answered."

Plaintiff waited until December 7 to file a second regular grievance. Because more than thirty days had passed since the incident occurred, the Grievance Coordinator rejected it at intake as untimely. A regional ombudsman upheld the intake decision on December 15.

2

## II.
### A.

A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

### B.

Defendants argue, inter alia, that Plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).[1] The exhaustion requirement is mandatory and

---

[1] Defendants also argued that they were entitled to qualified immunity. The court previously granted some

"applies to all inmate suits about prison life[.]" Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." Id.; Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir. 2002). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). A defendant has the burden to prove an inmate's failure to exhaust available administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007). Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the plaintiff to show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies were unavailable through no fault of the plaintiff. See, e.g., Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011).

Virginia Department of Corrections ("VDOC") Operating Procedure ("OP") 866.1, titled "Offender Grievance Procedure," provides the administrative remedies for inmates to resolve complaints, appeal administrative decisions, and challenge policies and procedures. The process provides correctional administrators means to identify potential problems and, if necessary, correct those problems in a timely manner. All issues are grievable except issues about policies, procedures, and decisions of the Virginia Parole Board; disciplinary hearing penalties and/or

---

defendants a protective order from discovery based on this argument. Plaintiff did not move pursuant to Fed. R. Civ. P. 56(d), and none of the discovery relates to whether administrative remedies were available or exhausted.

procedural errors; state and federal court decisions, laws, and regulations; and other matters beyond the VDOC's control. Inmates are oriented to the inmate grievance procedure when they enter the VDOC's custody and when they are transferred to other VDOC facilities.

Except in certain circumstances not present here, the inmate must make a good-faith effort to informally resolve the issue by submitting an informal complaint form before filing a regular grievance. A prison's Grievance Department logs each informal complaint received and sends a receipt to the inmate. The Grievance Department then forwards the informal complaint to prison staff to respond within fifteen days. If the inmate does not receive a response to the informal complaint within fifteen days, he may file a regular grievance with the receipt.

The inmate must file a regular grievance within thirty calendar days of a grievable issue. Regular grievances that do not meet the filing requirements of OP 866.1 are returned to the inmate within two working days from the date of receipt with instructions, when possible, about how the inmate may remedy any deficiency. An inmate may appeal an intake decision by sending the regular grievance and the intake decision to a regional ombudsman within five days of receipt. There is no further review of the intake decision.

Plaintiff failed to exhaust administrative remedies. The second grievance was rejected at intake as untimely because Plaintiff filed it more than thirty days after he had not received a mattress. The first grievance was properly rejected because no informal complaint response had been attached.

Plaintiff fails to establish that remedies were not available. Plaintiff's claim that he did not receive a receipt for an informal complaint within two working days is inconsequential. Plaintiff knew around November 16 that the Grievance Department had reviewed the second

informal complaint because staff told him they had processed it and that he should expect a reply by November 22. Furthermore, the receipt would be useful only if staff did not respond to an informal complaint within the fifteen-day period. Here, Lt. Sykes responded within the fifteen-day period. Plaintiff's alleged difficulty in obtaining an informal complaint form between October 26 and November 3 also is inconsequential because he still could have filed a regular grievance with Lt. Sykes' response within the thirty-day period. OP 866.1 and the informal complaint form contradict Plaintiff's belief that he may file a regular grievance if he had not received an informal complaint receipt within two working days. Plaintiff's claim that a "you may refile this grievance" check box was not marked is irrelevant. That check box is only for a regular grievance rejected for presenting "[m]ore than one issue – resubmit with only one issue." Nothing in OP 866.1 prohibited Plaintiff from refiling the first regular grievance after it was rejected at intake.

Plaintiff failed to exhaust available administrative remedies due to his own impatience and unwillingness to adhere to OP 866.1. Accordingly, Defendants are entitled to summary judgment. See McCoy v. Williams, No. 3:10CV349, 2011 U.S. Dist. LEXIS 124787, 2011 WL 5153253, at *4 (E.D. Va. Oct. 28, 2011) ("[D]ismissal with prejudice may be appropriate 'where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust.'" (quoting Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2004))).

## C.

Plaintiff fails to establish a violation of the Eighth Amendment. The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotations omitted). While the Constitution protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief because he has been exposed to uncomfortable, restrictive, or inconvenient conditions of confinement. Henderson v. Virginia, No. 7:06-cv-00408, 2007 U.S. Dist. LEXIS 70207, at *26, 2007 WL 2781722, at *7 (W.D. Va. Sept. 21, 2007). Rather, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

To sustain an unconstitutional conditions of confinement claim under the Eighth Amendment, an inmate must show that: (1) objectively, a denial of "the minimal civilized measure of life's necessities;" and (2) subjectively, the defendant prison official acted with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference means a prison official was personally aware of facts indicating a substantial risk of serious harm and must have actually recognized the existence of such a risk. Id. at 825, 838. A plaintiff is not entitled to any relief on this claim if he fails to allege any facts to suggest that he was exposed to an unreasonable risk of harm by virtue of the defendant's conduct. Id. at 825, 835.

7

Plaintiff fails to establish that any defendant knew or could have known that sleeping on the "metal-concrete slab" for two nights constituted a substantial risk of serious harm. Plaintiff alleges that he reported back pain to staff, but none of the staff included Defendants. Also, Plaintiff did not report back pain until several days after he received a mattress. Furthermore, sleeping on a "metal-concrete slab" for two nights does not describe the deprivation of life's basic necessities or implicate the historical conceptions of the "evolving standards of decency that mark the progress of a maturing society."[2] See, e.g., Estelle v. Gamble, 429 U.S. 97, 102 (1976). Plaintiff's recitation of labels and conclusions is not sufficient to establish an actionable claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, Plaintiff fails to establish a violation of the Eighth Amendment.

### III.

For the foregoing reasons, the court grants Defendants' motions for summary judgment.

**ENTER:** This 30th day of November, 2017.

Chief United States District Judge

---

[2] Plaintiff's allegations are dissimilar to Putney v. Likin, 656 F. App'x 632 (4th Cir. 2016). In that case, the inmate was deprived of a mattress for four months after being exonerated of disciplinary charges. Moreover, the defendants in that case were aware that a successful grievance appeal required them to give the inmate a mattress after he was exonerated.